CRICHTON, J.,
additionally concurs and assigns reasons
hi agree that the matter should be remanded to the district court for reconsideration of its ruling in light of recent legislative action. I additionally concur to spotlight one issue.
Relator/defendant, 16 years old at the time of the commission of first degree murder, underwent a thorough penalty phase hearing and the district court imposed the jury’s recommendation of life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. In light of Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) and Montgomery v. Louisiana, 577 U.S. -, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), defendant, now at age 37 and through counsel, has requested government funds so that he can retain a child psychiatrist or psychologist to produce mitigation evidence. As an initial matter, it appears that defendant has failed to demonstrate he is indigent, which would be a necessary first step if he wishes the public to underwrite the cost of his expert. See McWilliams v. Dunn, — U.S. -, 137 S.Ct. 1790, 1798-99, 198 L.E.2d 341 (2017) (discussing Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985)).
In addition, however, I believe there is absolutely no need for a child psychiatrist or psychologist to evaluate an adult, and therefore the trial court correctly determined that such an expert opinion would be irrelevant to the | ..question of whether defendant is “the rare juvenile offender whose crime reflects irreparable corruption.” See Miller, 567 U.S. at 478, 132 S.Ct. at 2469.
In making its determination under Miller and Montgomery, I believe the district court should focus on the years of incar- *36 ceratión that have followed defendant’s conviction; that is, a1 determination of present day mental health as determined by a local mental health professional who evaluates adults could be of greater use in deciding whether this defendant is “capable of change” and therefore deserving of a sentence that includes the possibility of parole eligibility. However, it should be noted that neither Miller nor Montgomery expressly requires government funding for an expert witness in every instance. In my view, the necessity of an expert witness should be determined on a case-by-case basis.
Irrespective of the question of expert assistance, in a case of this nature, I believe that how defendant has responded to close to 20 years of incarceration, as reflected in records of the Department of Corrections, is critical information that should be considered by the district court in determining parole eligibility along with the facts and circumstances of the crime.